**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action |
| | ) | |
| v. | ) | No. 07-10142-01, 02, 03, 04, 05, |
| | ) | 06, 07, 08, 09, 10, |
| PRENTICE BYRD, | ) | 11, 12, 13, 14, 15, |
| a/k/a "Pren," | ) | 16, 17, 18, 19, 20 - JTM |
| JERMAL CAMPBELL, | ) | |
| a/k/a "L," | ) | |
| MARTEAUS CARTER, | ) | |
| a/k/a Martez Carter, | ) | |
| a/k/a "Clue," | ) | |
| a/k/a "Clueless," | ) | |
| COREY CORNELIUS, | ) | |
| a/k/a "CC," | ) | |
| CHICO DAVIS, | ) | |
| a/k/a "Nose," | ) | |
| DONTAE DAVIS, | ) | |
| a/k/a Donta Davis, | ) | |
| a/k/a Donte Davis, | ) | |
| DARRYN FRIERSON, | ) | |
| a/k/a "DeDa," | ) | |
| BRADLEY GRAVES, | ) | |
| a/k/a "Wac," | ) | |
| CORTEZ GRAYSON, | ) | |
| a/k/a "Corpse," | ) | |
| SYCARR GREENLEY, | ) | |
| a/k/a "Pimp," | ) | |
| MARIO HUTTON, | ) | |
| a/k/a "Cootis," | ) | |
| JUNIAN JOHNSON, | ) | |
| a/k/a "June," | ) | |
| TROY LANGSTON, | ) | |
| a/k/a "No Sight," | ) | |
| a/k/a "Sight," | ) | |
| ELTON PROFIT, | ) | |
| a/k/a "Papa Joe," | ) | |
| a/k/a "PJ," | ) | |
| JONEARL SMITH, | ) | |
| a/k/a "Smearl," | ) | |

| | |
|---|---|
| JASON TISDALE, | ) |
| a/k/a/ "Change," | ) |
| LONNIE WADE, | ) |
| a/k/a "LaLo," and | ) |
| LUCAS WADE, | ) |
| a/k/a "LunaCrip," | ) |
| EDWARD WALKER, | ) |
| a/k/a "Chocolate," | ) |
| a/k/a "Choc," | ) |
| CALVIN WILLIAMS, | ) |
| a/k/a "Nut Case," | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

This order comes on the court's own motion and serves to sever defendant Jason Tisdale from the other defendants in this case, for the reasons more fully discussed below. Mr. Tisdale's new trial date is June 9, 2009 at 9:00 a.m.

This is a multi-defendant RICO case, which has been declared complex. Recently, the government filed its notice of intent to seek the death penalty against Mr. Tisdale (Dkt. No. 454). Out of the nineteen defendants in this case, Mr. Tisdale is the only one facing the possibility of the death penalty.

Fed.R.Crim.P. 8(b) permits the joinder of defendants in a single trial if the defendants participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Fed.R.Crim.P. 14, however, permits a court to order severance of certain defendants if it appears that they would be prejudiced by being joined.

When considering whether to sever defendants, the trial court must (1) "determine whether the defenses are antagonistic to such a degree that they are mutually exclusive"

2

(2) consider whether the defendant has shown that a joint trial compromises a specific trial right; and, if those factors are met, (3) use discretion and "weigh the prejudice to a particular defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration." *United States v. Pursley*, 474 F.3d 757, 765 (10th Cir. 2007). The district court has significant discretion when making a severance decision. *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993).

Other circuits have discussed the issue of severance in death penalty cases. The Third Circuit noted that although there is generally a heavy burden on the defendant in gaining severance in a non-death penalty case, the standards for severance are leavened when the death penalty is at stake. *United States v. Green,* 324 F. Supp. 2d 311, 320 (D. Mass. 2004). The court noted that the "threshold for determining what constitutes prejudice and when the jury's ability to render a reliable verdict is compromised is necessarily lower than in the ordinary case." *Id.* (granting severance based on evidentiary concerns "given the heightened need for reliability in a death penalty trial").

This issue is further compounded when only certain defendants are facing the death penalty, while others are not. Courts have addressed the concern that "jurors may infer that because [some defendants] have been chosen by someone . . . for the death penalty, and others have not, that they are more culpable than the non-capital co-defendants." *Id.* at 326, FN 21.

Thus, although that, as charged, the death penalty and non-death penalty cases are closely related, this court finds that the chance of prejudice outweighs considerations of judicial economy, particularly in a case this size with so many defendants. As such, defendant Jason Tisdale is hereby severed from the other co-defendants in this case.

      IT IS SO ORDERED, this 27th day of June, 2008.

                                                s/ J. Thomas Marten  
                                                J. THOMAS MARTEN, JUDGE