IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

       vs.                              Case No. 07-10142-01, 10-JTM

JERMAL CAMPBELL,
   a/k/a "L,"
COREY CORNELIUS,
   a/k/a "CC"

        Defendants.

**MEMORANDUM AND ORDER**

Presently before the court are defendants Jermal Campbell and Corey Cornelius' identical motions for order concerning the continued appointment of two counsel (Dkt. Nos. 456 & 478). The court held a hearing on the matter on July 9, 2008, where it denied the motions from the bench. This order serves to memorialize the findings the court made at the hearing.

Campbell and Cornelius were each indicted with capital crimes, and thus exercised their right pursuant to 18 U.S.C. § 3005 to have two counsel. On June 2, 2008, the government filed its notice of intent to seek the death penalty against co-defendant Jason Tisdale (Dkt. No. 454), and notified the court and counsel that it would not seek the death penalty against Campbell or Cornelius. Despite that assurance, Campbell and Cornelius argue that they should retain the appointment of their second counsel, and that such action is necessary to ensure effective representation and to avoid unnecessary and costly disruption of legal services.

In support of this argument, the defendants rely upon *United States v. Boone*, 245 F.3d 352 (4th Cir. 2001), in which the Fourth Circuit affirmed the defendant's continuing right to two counsel pursuant to 18 U.S.C. § 3005, even though the government did not seek the death penalty. In *Boone,* the court ruled that, "[b]ecause we are of the opinion that 18 U.S.C. § 3005 provides an absolute statutory right to two attorneys in cases where the death penalty may be imposed, we vacate Boone's conviction and remand to the district court for retrial." *Id.* at 357. Noting the circuit split on the issue, the *Boone* court based its decision on the plain language of the statute, and stated that the "triggering event" to the appointment of two counsel is simply the indictment.

The dissenting opinion in *Boone*, stated that a case does not become a "capital crime" until the prosecution gives notice that it will seek the death penalty, and only then does the right to two attorneys exist. The dissent also argued that a "capital crime" should only be a crime for which the prosecution actively seeks the death penalty, not a crime for which the law simply authorizes the death penalty. For those reasons, the dissent argues that the case should not have been remanded.

Aside from the reliance on *Boone*, the defendants also rely on the Criminal Justice Act (CJA), 18 USCA § 3006A(b), which does not place a limit on the number of lawyers who may be appointed to represent the defendant. Based on *Boone* and the CJA, the defendants argue that continued representation by both counsel is appropriate because of the gravity of the charges, the minimum penalty of life in prison without parole, and the unique factual and legal issues presented in the case.

The government noted that although it "takes no position to the motion itself," it reiterated that it has no intention of revisiting or reconsidering its decision to not seek the death penalty against the defendants. The government also submitted the citation *United States v. Douglas*, 525 F.3d 225 (2d Cir. 2008), in which the court held that the government's formal notification that it would not seek the death penalty extinguished the defendant's right to have second court-appointed counsel. This view has been upheld by all the circuits that have addressed the issue, except for the Fourth Circuit, as mentioned above.

After careful consideration, this court adopts the reasoning employed by the Second Circuit in *Douglas* and finds that "once the government has formally informed the court and the defendants of its intention not to seek the death penalty, the matter is no longer a capital case within the meaning of § 3005 and that section does not require the district court to continue the appointment of a second attorney." *Douglas*, 525 F.3d at 237.

The court adopts this viewpoint for several reasons. First, the facts in *Douglas* are almost identical to the facts in the present case, in that the defendant was appointed a second counsel, and then that counsel was removed after the government stated, on the record, that it would not be seeking the death penalty. Second, the *Douglas* court adequately distinguished the *Boone* decision and noted that a later Fourth circuit case declined to "reverse a conviction where death-penalty qualified counsel had been appointed but the appointment was terminated without objection after the government elected not to seek the death penalty." *Id.* (citing *United States v. Robinson*, 275 F.3d 371, 383-84 (4th Cir.), *cert denied*, 535 U.S. 1006 (2002)). As such, *Boone* may not even be a viable precedent to follow.

Perhaps most importantly, this court believes that the defendants will still have more than adequate representation, and a fair trial.  Campbell and Cornelius have attorneys who are fully capable, and who can represent their clients well.  Additionally, other defendants in the case are facing serious charges, and are not entitled to two attorneys, which might seem unfair to them. Further, there are still seven months before trial, which is more than adequate time to prepare with only one counsel.  For all of those reasons, Campbell and Cornelius' motions are denied.

This decision is further supported by the Administrative Office of the United States Courts, which has promulgated guidelines addressing the appointment and compensation of counsel in capital and noncapital cases.  The *Guide to Judiciary Policies and Procedures - Volume 7* lays out the procedure to follow in death penalty cases, and states that when, as in this case, a defendant was charged with an offense that may be punishable by death, but it is determined that the death penalty will not be sought, the court should consider the questions of the number of counsel and the rate of compensation needed for the duration of the proceeding. The court should, **absent extenuating circumstances**, make an appropriate reduction in the number of counsel.  In deciding whether there are extenuating circumstances, the court should consider the following factors:

    (a)    the need to avoid disruption of the proceedings;
    (b)    whether the decision not to seek the death penalty occurred late in the litigation;
    (c)    whether the case is unusually complex; and
    (d)    any other factors that would interfere with the need to ensure effective representation of the defendant.

As discussed above, the court considered those factors, and found that although the case is complex, that Campbell and Cornelius will still receive adequate representation.  As such, the motions are denied.

*Compensation*

The *Guide to Judiciary Policies and Procedures - Volume 7* also states that, absent extenuating circumstances, the court should reduce (only prospectively) the compensation rate. In determining whether there are extenuating circumstance, the court should consider the following factors:

(a) the extent to which this representation precludes counsel from taking other work;
(b) the commitment of time and resources counsel has made and will continue to make in the case; and
(c) the need to compensate appointed counsel fairly.

With those factors in mind, the court finds that from now on, the attorneys representing Mr. Campbell and Mr. Cornelius are to be paid the noncapital rate.

IT IS ACCORDINGLY ORDERED this 18th day of July, 2008, that Jermal Campbell and Corey Cornelius' identical motions for order concerning the continued appointment of two counsel (Dkt. Nos. 456 & 478) are denied, and the compensation for the attorneys will be prospectively reduced effective July 10, 2008, from the capital rate to the normal rate.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE