# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
### (WICHITA DOCKET)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action |
| | ) | |
| v. | ) | No. 07-10142-01, 02, 03, 04, 05, |
| | ) | 06, 07, 08, 09, 10, |
| PRENTICE BYRD, | ) | 11, 12, 13, 14, 15, |
| a/k/a "Pren," | ) | 16, 17, 18, 19, 20 - JTM |
| JERMAL CAMPBELL, | ) | |
| a/k/a "L," | ) | |
| MARTEAUS CARTER, | ) | |
| a/k/a Martez Carter, | ) | |
| a/k/a "Clue," | ) | |
| a/k/a "Clueless," | ) | |
| COREY CORNELIUS, | ) | |
| a/k/a "CC," | ) | |
| CHICO DAVIS, | ) | |
| a/k/a "Nose," | ) | |
| DONTAE DAVIS, | ) | |
| a/k/a Donta Davis, | ) | |
| a/k/a Donte Davis, | ) | |
| DARRYN FRIERSON, | ) | |
| a/k/a "DeDa," | ) | |
| BRADLEY GRAVES, | ) | |
| a/k/a "Wac," | ) | |
| CORTEZ GRAYSON, | ) | |
| a/k/a "Corpse," | ) | |
| SYCARR GREENLEY, | ) | |
| a/k/a "Pimp," | ) | |
| MARIO HUTTON, | ) | |
| a/k/a "Cootis," | ) | |
| JUNIAN JOHNSON, | ) | |
| a/k/a "June," | ) | |
| TROY LANGSTON, | ) | |
| a/k/a "No Sight," | ) | |
| a/k/a "Sight," | ) | |
| ELTON PROFIT, | ) | |
| a/k/a "Papa Joe," | ) | |
| a/k/a  "PJ," | ) | |
| JONEARL SMITH, | ) | |
| a/k/a "Smearl," | ) | |
| JASON TISDALE, | ) | |

| | |
|---|---|
| a/k/a/ "Change," | ) |
| LONNIE WADE, | ) |
| a/k/a "LaLo," and | ) |
| LUCAS WADE, | ) |
| a/k/a "LunaCrip," | ) |
| EDWARD WALKER, | ) |
| a/k/a "Chocolate," | ) |
| a/k/a "Choc," | ) |
| CALVIN WILLIAMS, | ) |
| a/k/a "Nut Case," | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## FIFTH SUPERSEDING INDICTMENT

The Grand Jury charges:

## Introduction

### The Racketeering Enterprise

1.  At all relevant times, defendants  PRENTICE BYRD, a/k/a "Pren," JERMAL

CAMPBELL, a/k/a "L," MARTEAUS CARTER, a/k/a Martez Carter, a/k/a "Clue," a/k/a

"Clueless," COREY CORNELIUS, a/k/a "CC," CHICO DAVIS, a/k/a "Nose,",  DONTAE

DAVIS, a/k/a Donta Davis, a/k/a Donte Davis, DARRYN FRIERSON, a/k/a "DeDa,"

BRADLEY GRAVES, a/k/a "Wac," CORTEZ GRAYSON, a/k/a "Corpse," SYCARR

GREENLEY, a/k/a "Pimp," MARIO HUTTON, a/k/a "Cootis," JUNIAN JOHNSON, a/k/a

"June," TROY LANGSTON, a/k/a "No Sight," a/k/a "Sight," ELTON PROFIT, a/k/a "Papa

Joe" or "PJ," JONEARL SMITH, a/k/a "Smearl," JASON TISDALE, a/k/a/ "Change," LONNIE

WADE, a/k/a "LaLo," and LUCAS WADE, a/k/a "LunaCrip," EDWARD WALKER, a/k/a

"Chocolate," a/k/a "Choc," CALVIN WILLIAMS, a/k/a "Nut Case," and others, were members

and associates of the Crips, a criminal organization whose members and associates engaged in

narcotics distribution, arson, and acts of violence including acts involving murder and robbery. The Crips operated in the Wichita, Kansas, area and elsewhere.

2.  The Crips are organized in various sets and subsets.  Three Crips sets include the Neighborhood Crips ("NHCs"), the Insane Crips ("Insanes") and the Tre Five Sevens (".357s"). The Insanes are a small Crip set.  The NHCs are comprised of subsets, the names of which indicate a street or partial street address of a founding member.  NHC subsets include the 19th or 19th Streeters, and the 17th or 17th Streeters.  The Deuce Treys are another set formed by an NHC and Insane Crips members.  The Tre Five Sevens are the "younger" men of the Crip gang because many still attend high school, or have recently left high school.

3.  In most instances, in order to join the Crips, the proposed member has to be "jumped" in.  This means that the person has to take a beating, inflicted by more than one gang member. The duration and severity of the beating is up to the discretion of the administering gang members.  Crips members decide whether or not a person will be "jumped" into the gang.

4.  If a gang member wants to leave the Crips, that person must be "jumped" out.  Again, a beating is administered to the person by other gang members who decide if the person will be allowed to leave the gang.

5.  The Crips operating in the Wichita, Kansas area distinguish themselves from other gangs by wearing baby blue clothing, receiving specific types of tattoos, and using hand signs/signals.  The Crips wear the same baby blue color used by the University of North Carolina's athletic teams.  The decision to use the color blue was made by the original founders of the gang from California.

6. The Crips, including its leadership, membership and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4) (hereinafter "the enterprise"), that is, a group of individuals associated in fact. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. This enterprise was engaged in, and its activities affected, interstate and foreign commerce.

<u>Purposes of the Enterprise</u>

7. The purposes of the enterprise included, but were not limited to, the following:

a. Engaging in illegal activities, such as narcotics trafficking, drive-by shootings, robberies, and burglaries.

b. Preserving, protecting, and expanding the power and the reputation of the enterprise through the use of intimidation, violence, threats of violence, assault, and murder.

c. Promoting and enhancing the activities of the enterprise, its members and associates.

d. Preserving and protecting the enterprise from interference by law enforcement.

e. Keeping victims in fear of the enterprise and in fear of its members and associates, through violence, intimidation and threats of violence.

<u>Roles of the Defendants</u>

8. The defendants participated in the operation and management of the enterprise.

a. The defendants MARTEAUS CARTER, DARRYN FRIERSON, JUNIAN JOHNSON, TROY LANGSTON, LONNIE WADE and CALVIN WILLIAMS, were leaders of

the enterprise who directed other members of the enterprise in carrying out unlawful and other activities in furtherance of the conduct of the enterprise's affairs.

b.  Under the direction of the leaders of the enterprise, the defendants PRENTICE BYRD, JERMAL CAMPBELL, COREY CORNELIUS, CHICO DAVIS, DONTAE DAVIS, BRADLEY GRAVES, CORTEZ GRAYSON, SYCARR GREENLEY, MARIO HUTTON, ELTON PROFIT, JONEARL SMITH, JASON TISDALE, LUCAS WADE, and EDWARD WALKER, participated in unlawful and other activities in furtherance of the conduct of the enterprise's affairs.

<u>The Means and Methods of the Enterprise</u>

9.  Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

a.  Members of the enterprise and their associates committed, attempted and threatened to commit acts of violence, including, but not limited to, murder and assault, to protect and expand the enterprise's criminal operations.

b.  Members of the enterprise and their associates used the enterprise to promote a climate of fear through violence and threats of violence.

c.  To generate income, members of the enterprise and their associates trafficked in narcotics.

**Racketeer Influenced and Corrupt Organizations**
**Title 18, United States Code, Section 1962(c)**
**<u>Count 1</u>**

10.  Paragraphs 1 through 9 of the Introduction of this Fifth Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

11.  Beginning on a date unknown to the Grand Jury and continuing until at least June 27, 2007, within the District of Kansas and elsewhere,

**JERMAL CAMPBELL, a/k/a "L,"**
**COREY CORNELIUS, a/k/a "CC,"**
**DONTAE DAVIS, a/k/a "Donta Davis,"**
**a/k/a "Donte Davis,"**
**DARRYN FRIERSON, a/k/a "DeDa,"**
**CORTEZ GRAYSON, a/k/a "Corpse,"**
**SYCARR GREENLEY, a/k/a "Pimp,"**
**MARIO HUTTON, a/k/a "Cootis,"**
**JUNIAN JOHNSON, a/k/a "June,"**
**TROY LANGSTON, "a/k/a "No Sight,"**
**a/k/a/ "Sight,"**
**JONEARL SMITH, a/k/a "Smearl,"**
**JASON TISDALE, a/k/a/ "Change,"**
**LONNIE WADE, a/k/a "LaLo," and**
**EDWARD WALKER, "Chocolate," a/k/a "Choc,"**

the defendants herein, and others known and unknown, being persons employed by and associated with the Crips, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully and knowingly conducted and participated, directly and indirectly, in the conduct of the affairs of that enterprise, through a pattern of racketeering activity, that is, through the commission of the racketeering acts set forth below.

<u>The Pattern of Racketeering Activity</u>

12.  The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of the following acts:

**<u>Racketeering Act One</u>**

13.  On or about February 7, 1992, in the District of Kansas, **DARRYN FRIERSON**, did commit an act involving murder, that is, knowingly, intentionally and unlawfully attempt to kill Grail Dates, in violation of Kansas Statutes Annotated 21-3402(a) and 21-3301.

**Racketeering Act Two**

14.  On or about February 7, 1992, in the District of Kansas, **DARRYN FRIERSON**, did commit an act involving murder, that is, knowingly, intentionally and unlawfully attempt to kill Dennis McGaugh, in violation of Kansas Statutes Annotated 21-3402(a) and 21-3301.

**Racketeering Act Three**

15.  On or about February 19, 1992, in the District of Kansas, **EDWARD WALKER** and others known and unknown to the Grand Jury, did commit an act involving murder, that is, knowingly, intentionally and unlawfully aided and abetted an attempt to kill Damon Vontress and others, in violation of Kansas Statutes Annotated 21-3402(a), 21-3205 and 21-3301.

**Racketeering Act Four**

16.  On or about March 20, 1993, in the District of Kansas, **DARRYN FRIERSON**, did commit an act involving murder, that is, knowingly, intentionally, and unlawfully attempt to kill Quincy Blue, in violation of Kansas Statutes Annotated 21-3402(a) and 21-3301.

**Racketeering Act Five**

17.  On or about April 3, 1994, in the District of Kansas, **JUNIAN JOHNSON**, did commit an act involving murder, that is, knowingly, intentionally and unlawfully aided and abetted in the attempt to kill Tyree Straughter, in violation of Kansas Statutes Annotated 21-3402(a), 21-3301, and 21-3205.

**Racketeering Act Six**

18.  On or about January 11, 1995, in the District of Kansas, **TROY LANGSTON** and others known and unknown to the Grand Jury, did commit an act involving murder, that is,

7

knowingly, intentionally and unlawfully aided and abetted in the attempt to kill Carlos Beasley, in violation of Kansas Statutes Annotated 21-3402(a), 21-3301 and 21-3205.

**Racketeering Act Seven**

19.  On or about March 18, 1995, in the District of Kansas, **DONTAE DAVIS** and other persons known and unknown to the Grand Jury, did commit an act involving robbery, that is, did knowingly, intentionally and unlawfully take property from the person and presence of James Neal by force and threat of bodily harm, in violation of Kansas Statutes Annotated 21-3426.

**Racketeering Act Eight**

20.  On or about May 15, 1995 in the District of Kansas, **SYCARR GREENLEY**, **JUNIAN JOHNSON** and **EDWARD WALKER**, and another person unknown to the Grand Jury, did commit an act involving murder, that is, knowingly, intentionally and unlawfully, aided and abetted in the attempt to kill Nathan King, in violation of Kansas Statutes Annotated 21-3402(a), 21-3301 and 21-3205.

**Racketeering Act Nine**

21.  On or about February 8, 1997, in the District of Kansas, **JUNIAN JOHNSON**, and others known and unknown to the Grand Jury, did commit an act involving murder, that is, knowingly, intentionally and unlawfully aided and abetted in the attempt to kill Adrian Blanchard, in violation of Kansas Statutes Annotated 21-3301, 21-3402(a) and 21-3205.

**Racketeering Act Ten**

22.  On or about August 27, 1997, in the District of Kansas, **COREY CORNELIUS** and another person known to the Grand Jury, did commit an act involving robbery, that is, knowingly, intentionally and unlawfully, take property from the person and presence of Curtis

Smith, by force and threat of bodily harm to any person, in violation of Kansas Statutes Annotated 21-3426.

**<u>Racketeering Act Eleven</u>**

23. On or about October 18, 1997, in the District of Kansas, **EDWARD WALKER** did knowingly, intentionally and unlawfully possess with intent to distribute five grams and more (approximately 5.37 grams) of a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and Title 18, United States Code, Section 2.

**<u>Racketeering Act Twelve</u>**

24. On or about November 16, 1997, in the District of Kansas, **EDWARD WALKER**, and others known and unknown to the Grand Jury, did commit an act involving robbery, that is, knowingly, intentionally and unlawfully take property from the person and presence of Tisha Jones and Brenda Shelton, by force and by threat of bodily harm to any person, in violation of Kansas Statutes Annotated 21-3426.

**<u>Racketeering Act Thirteen</u>**

25. The defendant named below committed the following acts, either one of which constitutes the commission of Racketeering Act Thirteen:

a. On or about February 3, 1998, in the District of Kansas, **JASON TISDALE**, and others known to the Grand Jury, did commit an act involving murder, that is, did knowingly, intentionally and unlawfully agree with another to kill Tisha Jones and Keith James, in violation of Kansas Statutes Annotated 21-3402(a), and 21-3302.

b. On or about February 3, 1998, in the District of Kansas, **JASON TISDALE**, and others known to the Grand Jury, did commit an act involving murder, that is, did knowingly, intentionally and unlawfully kill Tisha Jones, in violation of Kansas Statutes Annotated 21-3402(a) and 21-3205.

c. On or about February 3, 1998, in the District of Kansas, **JASON TISDALE**, and others known to the Grand Jury, did commit an act involving murder, that is, did knowingly, intentionally and with premeditation kill Tisha Jones, in violation of Kansas Statutes Annotated 21-3401(a) and 21-3205.

**Racketeering Act Fourteen**

26. The defendant named below committed the following acts, either one of which constitutes the commission of Racketeering Act Fourteen:

a. On or about February 3, 1998, in the District of Kansas, **JASON TISDALE**, and others known to the Grand Jury, did commit an act involving murder, that is, did knowingly, intentionally and unlawfully kill Keith James, in violation of Kansas Statutes Annotated 21-3402(a), and 21-3205.

b. On or about February 3, 1998, in the District of Kansas, **JASON TISDALE**, and others known to the Grand Jury, did commit an act involving murder, that is, did knowingly, intentionally and with premeditation kill Keith James, in violation of Kansas Statutes Annotated 21-3401(a) and 21-3205.

**Racketeering Act Fifteen**

27. Beginning on or about January 4, 1999, and continuing through January 5, 1999, in the District of Kansas, **SYCARR GREENLEY,** did knowingly, intentionally and unlawfully

possess with the intent to distribute five grams and more (approximately 12 grams) of a mixture and substance containing a detectable amount of cocaine base (crack cocaine), in violation of Title 21, United States Code, Sections 841(a)(1).

**Racketeering Act Sixteen**

28.  On or about March 21, 1999, in the District of Kansas, **CORTEZ GRAYSON** did knowingly, intentionally and unlawfully, use intimidation against, and attempt to intimidate, Wichita Police Officer Reichenberger with the intent to hinder, delay and prevent the communication to a law enforcement officer and judge of the United States of information relating to the commission and possible commission of a Federal offense, in violation of Title 18, United States Code, Section 1512(b)(3).

**Racketeering Act Seventeen**

29.  On or about July 5, 2001, in the District of Kansas, **JUNIAN JOHNSON**, and other persons known and unknown to the Grand Jury, did commit an act involving robbery, that is, did knowingly, intentionally and unlawfully take property from the person and presence of Jeremy Huggins by force and threat of bodily harm to any person, in violation of Kansas Statutes Annotated 21-3426 and 21-3205.

**Racketeering Act Eighteen**

30.  On or about October 10, 2001, **JERMAL CAMPBELL**, and others unknown to the Grand Jury, did commit an act involving arson, that is, did knowingly, intentionally and unlawfully, by means of fire and explosive, damage any building in which another person has any interest without the consent of such other person, in violation of Kansas Statutes Annotated 21-3718 and 21-3205.

**Racketeering Act Nineteen**

31.  The defendant named below committed the following acts, either one of which constitutes the commission of Racketeering Act Nineteen:

a.  On or about November 5, 2002, in the District of Kansas, **JUNIAN JOHNSON**, did knowingly, intentionally and unlawfully possess with the intent to distribute five and more grams (approximately 29 grams) of a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

b.  On or about November 5, 2002, in the District of Kansas, **JUNIAN JOHNSON**, did knowingly, intentionally and unlawfully possess with the intent to distribute a mixture and substance containing marijuana (approximately 62 grams), a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

**Racketeering Act Twenty**

32.  On or about April 29, 2003, in the District of Kansas, **DARRYN FRIERSON** and **CORTEZ GRAYSON,** did knowingly, intentionally and unlawfully distribute five and more grams (approximately 28.27 grams) of a mixture and substance containing a detectable amount of cocaine, a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

**Racketeering Act Twenty-One**

33.  On or about April 30, 2003, in the District of Kansas, **DARRYN FRIERSON** and **CORTEZ GRAYSON**, did knowingly, intentionally and unlawfully distribute five grams and more (approximately 26.49 grams) of a mixture and substance containing a detectable amount of

cocaine, a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 846.

**Racketeering Act Twenty-Two**

34.  On or about May 20, 2003, in the District of Kansas, **DARRYN FRIERSON** and **CORTEZ GRAYSON,** did knowingly, intentionally and unlawfully distribute five grams and more (approximately 26 grams) of a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1).

**Racketeering Act Twenty-Three**

35.  Beginning on or about April 1, 2003, and continuing through May 16, 2003, in the District of Kansas, **TROY LANGSTON** did knowingly, intentionally and unlawfully use and maintain any place, whether permanently and temporarily, for the purpose of distributing and using any controlled substance, in violation of Title 21, United States Code, Section 856.

**Racketeering Act Twenty-Four**

36.  On or about November 1, 2003, in the District of Kansas, **JASON TISDALE**, did commit an act involving murder, that is, did knowingly, intentionally and unlawfully attempt to kill another person, whose identity is unknown to the grand jury, in violation of Kansas Statutes Annotated 21-3402(a) and 21-3301.

**Racketeering Act Twenty-Five**

37.  On or about March 12, 2004, in the District of Kansas, **SYCARR GREENLEY**, did knowingly, intentionally and unlawfully possess with intent to distribute five grams and more (approximately 7.02 grams) of a mixture and substance containing a detectable amount of

13

cocaine base (crack cocaine), a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## Racketeering Act Twenty-Six

38. The defendants named below committed the following acts, either one of which constitutes the commission of Racketeering Act Twenty-Six:

      a. On or about August 5, 2004, in the District of Kansas, **JASON TISDALE** did commit an act of murder, that is, did knowingly, intentionally and unlawfully kill Umanah Smith, in violation of Kansas Statutes Annotated 21-3402(a) and 21-3205.

      b. On or about August 5, 2004, in the District of Kansas, **JASON TISDALE** did commit an act of murder, that is, did knowingly, intentionally and with premeditation kill Umanah Smith, in violation of Kansas Statutes Annotated 21-3401(a) and 21-3205.

## Racketeering Act Twenty-Seven

39. On or about February 16, 2005, in the District of Kansas, **DONTAE DAVIS**, did commit an act involving murder, that is, did knowingly, intentionally and unlawfully attempt to kill Samuel Tolliver, in violation of Kansas Statutes Annotated 21-3402(a) and 21-3301.

## Racketeering Act Twenty-Eight

40. On or about February 22, 2005, in the District of Kansas, **COREY CORNELIUS,** did knowingly, intentionally and unlawfully possess with the intent to distribute a mixture or substance (approximately 30 grams) containing marijuana, a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

**Racketeering Act Twenty-Nine**

41.  On or about December 27, 2005, in the District of Kansas, **EDWARD WALKER,** and others known to the Grand Jury, did commit an act involving robbery, that is, did knowingly, intentionally and unlawfully take property from the person and presence of Leandre Williams, by force and threat of bodily harm, in violation of Kansas Statutes Annotated 21-3426.

**Racketeering Act Thirty**

42.  On or about June 14, 2006, in the District of Kansas, **JONEARL SMITH**, did knowingly, intentionally and unlawfully distribute a mixture and substance containing a detectable amount of cocaine (approximately 4.02 grams), a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

**Racketeering Act Thirty-One**

43.  On or about June 16, 2006, in the District of Kansas, **JONEARL SMITH**, did knowingly, intentionally and unlawfully distribute five and more grams (approximately 13.7 grams) of a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

**Racketeering Act Thirty-Two**

44.  The defendant named below committed the following acts, either one of which constitutes the commission of Racketeering Act Thirty-Two:

a.  On or about July 2, 2006, in the District of Kansas, **JERMAL CAMPBELL**, did commit an act involving murder, that is, did knowingly, intentionally and unlawfully kill David Barney, in violation of Kansas Statutes Annotated 21-3402(a), and 21-3205.

15

b.  On or about July 2, 2006, in the District of Kansas, **JERMAL CAMPBELL**, did commit an act involving murder, that is, did knowingly, intentionally and with premeditation kill David Barney, in violation of Kansas Statutes Annotated 21-3401(a) and 21-3205.

**Racketeering Act Thirty-Three**

45.  Beginning on a date unknown to the Grand Jury, and continuing until at least June 29, 2006, in the District of Kansas, **LONNIE WADE**, did knowingly, intentionally and unlawfully use and maintain a place at 505 N. Rock Rd., Apt. 1111, in Wichita, Kansas, for the purpose of distributing, manufacturing and using controlled substances, in violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

**Racketeering Act Thirty-Four**

46.  On or about July 28, 2006, in the District of Kansas, **COREY CORNELIUS**, and another person known to the Grand Jury, did by knowingly, intentionally and unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendant **COREY CORNELIUS** obtained by force and violence and intimidation, from the person and presence of employees of Equishare Credit Union, Wichita, Kansas, money belonging to and in the care, custody, control, management, and possession of Equishare Credit Union,  in violation of Title 18, United States Code, Section 1951.

**Racketeering Act Thirty-Five**

47.  On or about August 24, 2006, in the District of Kansas, **MARIO HUTTON**, did knowingly, intentionally and unlawfully possess with the intent to distribute five grams or more (approximately 17.98 grams) of a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

**Racketeering Act Thirty-Six**

48.  On or about October 19, 2006, in the District of Kansas, **JONEARL SMITH**, did knowingly, intentionally and unlawfully possess with the intent to distribute five and more grams (approximately 26.31 grams) of a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

**Racketeering Act Thirty-Seven**

49.  On or about October 19, 2006, in the District of Kansas, **JASON TISDALE**, did knowingly, intentionally and unlawfully possess with the intent to distribute five grams and more (approximately 16.63 grams) of a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

**Racketeering Act Thirty-Eight**

50.  On or about October 19, 2006, in the District of Kansas, **LONNIE WADE**, did knowingly, intentionally and unlawfully possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a controlled

substance, in violation of Title 21, United States Code, Section 841 and Title 18, United States Code, Section 2.

**Racketeering Act Thirty-Nine**

51.  Beginning on a date unknown to the Grand Jury, and continuing until at least October 19, 2006, in the District of Kansas, **LONNIE WADE**, did knowingly, intentionally and unlawfully use and maintain a place at 1815 E. 23rd Street, in Wichita, Kansas, for the purpose of distributing, manufacturing and using controlled substances, in violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

**Racketeering Act Forty**

52.  On or about January 6, 2007, in the District of Kansas, **SYCARR GREENLEY** and **MARIO HUTTON**, did knowingly, intentionally and unlawfully possess with the intent to distribute five grams and more (approximately 49.66 grams) of a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**Racketeering Act Forty-One**

53.  On or about March 30, 2007, in the District of Kansas, **DARRYN FRIERSON** and **CORTEZ GRAYSON,** did knowingly, intentionally and unlawfully use and maintain any place, whether permanently and temporarily, for the purpose of distributing and using any controlled substance, in violation of Title 21, United States Code, Sections 856.

**Racketeering Act Forty-Two**

54. The defendants named below committed the following acts, either one of which constitutes the commission of Racketeering Act Forty-Two:

a. Beginning on or about February 26, 2008, and continuing through February 27, 2008, in the District of Kansas, **JUNIAN JOHNSON,** and **CALVIN WILLIAMS,** the defendants herein, did knowingly and willfully threaten to cause bodily injury to another, with the intent to retaliate against this person for the attendance of the person at an official proceeding, and any testimony given by this person in an official proceeding, in violation of Title 18, United States Code, Sections 1513(b)(1) and 2.

b. Beginning on or about February 26, 2008, and continuing through February 27, 2008, in the District of Kansas, **JUNIAN JOHNSON,** and **CALVIN WILLIAMS,** the defendants herein, did knowingly and willfully threaten to cause bodily injury to another, with the intent to retaliate against this person for any information relating to the commission and possible commission of a Federal offense to a law enforcement officer, given by the person to a law enforcement officer, in violation of Title 18, United States Code, Sections 1513(b)(2) and 2.

**Racketeering Act Forty-Three**

55. The defendants named below committed the following acts, either one of which constitutes the commission of Racketeering Act Forty-Three:

a. Beginning on or about a date unknown to the Grand Jury, and continuing through, at least, July 27, 2007, in the District of Kansas, the defendants, **MARTEAUS CARTER, COREY CORNELIUS, DARRYN FRIERSON, CORTEZ GRAYSON, SYCARR GREENLEY, MARIO HUTTON, JUNIAN JOHNSON, TROY LANGSTON,**

**JONEARL SMITH, JASON TISDALE, LONNIE WADE, EDWARD WALKER** and

**CALVIN WILLIAMS**, did knowingly, willfully and unlawfully combine, conspire, confederate

and agree with each other, and with other persons whose identifies are both known and unknown

to the Grand Jury, to distribute fifty (50) grams or more of a mixture and substance containing a

detectable amount of cocaine base, a controlled substance, in violation of Title 21, United States

Code, Sections 846 and 841(a)(1).

      b.  Beginning on or about a date unknown to the Grand Jury, and continuing

through, at least, July 27, 2007, in the District of Kansas, the defendants, **MARTEAUS**

**CARTER, COREY CORNELIUS, DARRYN FRIERSON, CORTEZ GRAYSON,**

**SYCARR GREENLEY, MARIO HUTTON, JUNIAN JOHNSON, TROY LANGSTON,**

**JONEARL SMITH, JASON TISDALE, LONNIE WADE, EDWARD WALKER** and

**CALVIN WILLIAMS**, did knowingly, willfully and unlawfully combine, conspire, confederate

and agree with each other, and with other persons whose identifies are both known and unknown

to the Grand Jury, to distribute a mixture and substance containing a detectable amount of

marijuana, a controlled substance, in violation of Title 21, United States Code, Sections 846 and

841(a)(1).

      All in violation of Title 18, United States Code, Section 1962(c).

### Racketeer Influenced and Corrupt Organizations
### Conspiracy
### Title 18, United States Code, Section 1962(d)
### <u>Count 2</u>

      56.  Paragraphs 1 through 9 of the Introduction of this Fifth Superseding Indictment are

realleged and incorporated by reference as though fully set forth herein.

57.  Beginning on a date unknown to the Grand Jury and continuing until at least June 27,

2007, within the District of Kansas and elsewhere,

**PRENTICE BYRD, a/k/a "Pren,"**
**JERMAL CAMPBELL, a/k/a "L,"**
**MARTEAUS CARTER, a/k/a "Clue" or "Clueless,"**
**COREY CORNELIUS, a/k/a "CC,"**
**CHICO DAVIS, a/k/a "Nose,"**
**DONTAE DAVIS, a/k/a Donta Davis,**
**a/k/a Donte Davis,**
**DARRYN FRIERSON, a/k/a "DeDa,"**
**BRADLEY GRAVES, a/k/a "Wac,"**
**CORTEZ GRAYSON, a/k/a "Corpse,"**
**SYCARR GREENLEY, a/k/a "Pimp,"**
**MARIO HUTTON, a/k/a "Cootis,"**
**JUNIAN JOHNSON, a/k/a "June,"**
**TROY LANGSTON, "a/k/a "No Sight,"**
**a/k/a/ "Sight,"**
**ELTON PROFIT, a/k/a "Papa Joe,"**
**a/k/a "PJ,"**
**JONEARL SMITH, a/k/a "Smearl,"**
**JASON TISDALE, a/k/a/ "Change,"**
**LONNIE WADE, a/k/a "LaLo,"**
**LUCAS WADE, a/k/a "LunaCrip,"**
**EDWARD WALKER, "Chocolate," a/k/a "Choc," and**
**CALVIN WILLIAMS, a/k/a "Nut Case,"**

the defendants herein, together with persons known and unknown, being persons employed by

and associated with the Crips, an enterprise, which engaged in and the activities of which

affected, interstate and foreign commerce, knowingly and intentionally conspired to violate Title

18, United States Code, Section 1962(c), that is, to conduct and participate, directly and

indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering

activity, consisting of multiple acts indictable under the following provisions of federal law:

a. Title 21, United States Code, Section 841 (distribution and

possession with intent to distribute controlled substances);

21

b. Title 21, United States Code, Section 846 (drug conspiracy and attempt);

c. Title 21, United States Code, Section 956 (Maintaining drug-involved premises);

d. Title 18, United States Code, Section 1512 (Tampering with a Witness, Victim or Informant);

e. Title 18, United States Code, Section 1951 (Interference with Commerce by Threats and Violence);

and multiple acts involving:

a. Murder, in violation of Kansas Statutes Annotated 21-3401, 3402, 21-3205 and 21-3301;

b. Robbery, in violation of Kansas Statutes Annotated 21-3426, 21-3427, 21-3205 and 21-3301;

c. Arson, in violation of Kansas Statutes Annotated 21-3718, 21-3719, 21-3205 and 21-3301.

58. It was a further part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

All in violation of Title 18, United States Code, Section 1962(d).

**Notice of Special Sentencing Factors**
**for Count 2**

a.  On or about February 3, 1998, in the District of Kansas, **JASON TISDALE**, and others known to the Grand Jury, did commit an act involving murder, that is, did knowingly, intentionally and with premeditation kill Tisha Jones, in violation of Kansas Statutes Annotated 21-3401(a) and 21-3205.

b.  On or about February 3, 1998, in the District of Kansas, **JASON TISDALE**, and others known to the Grand Jury, did commit an act involving murder, that is, did knowingly, intentionally and with premeditation kill Keith James, in violation of Kansas Statutes Annotated 21-3401(a) and 21-3205.

c.  On or about August 5, 2004, in the District of Kansas, **JASON TISDALE** did commit an act of murder, that is, did knowingly, intentionally and with premeditation kill Umanah Smith, in violation of Kansas Statutes Annotated 21-3401(a) and 21-3205.

## Count 3

59.  Beginning as early as January 1, 2007, on a date unknown to the Grand Jury, and continuing through March 30, 2007, in the District of Kansas,

**PRENTICE N. BYRD,**

the defendant herein, unlawfully, knowingly and intentionally used and maintained a place at 1928 S. Spruce in Wichita, Kansas, for the purpose of manufacturing, distributing and using controlled substances.

In violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

## Count 4

23

60.  At all times relevant to this Indictment, the Crips, as more fully described in Paragraphs 1 through 9 of Count One of this Fifth Superseding Indictment, which are realleged and incorporated by reference as though set forth fully herein, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely the Crips, that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

61.  At all times relevant to this Indictment, the Crips, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder in violation of Kansas Statutes Annotated 21-3401, 21-3402 and 21-3301, robbery in violation of Kansas Statutes Annotated 21-3426, 21-3427 and 21-3301, and arson in violation of Kansas Statutes Annotated 21-3718, 21-3719 and 21-3301, and narcotics trafficking in violation of Title 21, United States Code, Section 841.

62.  On or about July 2, 2006, in the District of Kansas,

**JERMAL CAMPBELL,**

the defendant herein, did knowingly, intentionally and unlawfully, and for the purpose of maintaining and increasing position in the Crips, an enterprise engaged in racketeering activity, murder David Barney, in violation of the laws of the State of Kansas, that is, K.S.A. 21-3401(a) and 21-3402(a).

In violation of Title 18, United States Code, Section 1959(a)(1).

24

**Count 5**

63.  On or about May 1, 2007, in the District of Kansas,

**JERMAL CAMPBELL,**

the defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, ammunition, including but not limited to one and more of the following, .25 caliber ammunition, .22 caliber ammunition, and .38 caliber ammunition, all which had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

**Count 6**

64.  Paragraphs 60 and 61 of this Fifth Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

65.  On or about February 16, 2005, in the District of Kansas,

**DONTAE DAVIS,**

the defendant herein, did knowingly, intentionally and unlawfully, for the purpose of maintaining and increasing position in the Crips, an enterprise engaged in racketeering activity, assault with a dangerous weapon Samuel Tolliver, in violation of the laws of the State of Kansas, that is, K.S.A. 21-3410 and 21-3414.

In violation of Title 18, United States Code, Section 1959(a)(3).

## Count 7

66.  On or about April 29, 2003, in the District of Kansas,

**DARRYN FRIERSON, and
CORTEZ GRAYSON,**

the defendants herein, did unlawfully, knowingly and intentionally distribute five grams and more of a mixture and substance containing a detectable amount of cocaine, a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## Count 8

67.  On or about April 30, 2003, in the District of Kansas,

**DARRYN FRIERSON, and
CORTEZ GRAYSON,**

the defendants herein, did unlawfully, knowingly and intentionally distribute five  grams and more of a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## Count 9

68.  On or about May 20, 2003, in the District of Kansas,

**DARRYN FRIERSON, and
CORTEZ GRAYSON,**

the defendants herein, did unlawfully, knowingly and intentionally possess with intent to distribute five (5) grams and more of a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## Count 10

69.  Beginning on a date unknown to the Grand Jury, and continuing through March 30, 2007, in the District of Kansas,

**DARRYN FRIERSON, and
CORTEZ GRAYSON,**

the defendants herein, unlawfully, knowingly and intentionally used and maintained a place at 2249 N. Minneapolis in Wichita, Kansas, for the purpose of manufacturing, distributing and using controlled substances.

In violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

## Count 11

70.  Beginning on a date unknown to the Grand Jury, and continuing through March 30, 2007, in the District of Kansas,

**DARRYN FRIERSON, and
CORTEZ GRAYSON,**

the defendants herein, did unlawfully, knowingly combine, conspire, confederate and agree together with others, both known and unknown to the Grand Jury, to distribute and possess with

intent to distribute a mixture and substance containing a detectable amount of cocaine base, a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 846.

## Count 12

71.  On or about May 30, 2007, in the District of Kansas,

**DARRYN FRIERSON, and
CORTEZ GRAYSON,**

the defendants herein, did unlawfully, knowingly and intentionally possess with intent to distribute five (5) grams and more of a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## Count 13

72.  On or about November 2, 2006, in the District of Kansas,

**BRADLEY GRAVES, and
LUCAS D. WADE,**

the defendants herein, having been previously convicted  for a crime punishable for a term exceeding one year, did unlawfully and willfully possess a firearm, in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 2.

## Count 14

73.  On or about March 12, 2004, in the District of Kansas,

**SYCARR GREENLEY,**

the defendant herein, did unlawfully, knowingly and intentionally possess with intent to distribute five grams and more of a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## Count 15

74.  On or about January 6, 2007, in the District of Kansas,

**SYCARR GREENLEY, and
MARIO HUTTON,**

the defendants herein, did unlawfully, knowingly and intentionally possess with intent to distribute five grams and more (approximately 49.66 grams) of a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## Count 16

75.  On or about August 24, 2006, in the District of Kansas,

**MARIO HUTTON,**

the defendant herein, did unlawfully, knowingly and intentionally possess with intent to distribute five grams and more of a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## Count 17

76. Paragraphs 60 and 61 of this Fifth Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

77. On or about February 3, 1998, in the District of Kansas**,**

**JASON TISDALE,**

the defendants herein, and other persons known to the Grand Jury, did knowingly, intentionally and unlawfully, and for the purpose of maintaining and increasing position in the Crips, an enterprise engaged in racketeering activity, murder Tisha Jones, in violation of the laws of the State of Kansas, that is, K.S.A. 21-3401, 21-3402, and 21-3205.

In violation of Title 18, United States Code, Section 1959(a)(1) and Title 18, United States Code, Section 2.

## Count 18

78. Paragraphs 60 and 61 of this Fifth Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

79. On or about February 3, 1998, in the District of Kansas**,**

**JASON TISDALE,**

the defendants herein, and other persons known to the Grand Jury, did knowingly, intentionally and unlawfully, and for the purpose of maintaining and increasing position in the Crips, an enterprise engaged in racketeering activity, murder Keith James, in violation of the laws of the State of Kansas, that is, K.S.A. 21-3401, 21-3402, and 21-3205.

In violation of Title 18, United States Code, Section 1959(a)(1) and Title 18, United States Code, Section 2.

**Count 19**

80.  Paragraphs 60 and 61 of this Fifth Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

81.  On or about August 4, 2004, in the District of Kansas**,**

**JASON TISDALE**,

the defendant herein, and another person known to the Grand Jury, did knowingly, intentionally and unlawfully, and for the purpose of maintaining and increasing position in the Crips, an enterprise engaged in racketeering activity, murder Umanah Smith, in violation of the laws of the State of Kansas, that is, K.S.A. 21-3401, 21-3402, and 21-3205.

In violation of Title 18, United States Code, Section 1959(a)(1) and Title 18, United States Code, Section 2.

**Notice of Special Findings
for Counts 17, 18 & 19**

a.      The allegations of Counts Seventeen, Eighteen, and Nineteen (Paragraphs 76 through 81) of this Fifth Superseding Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

b.      As to Counts Seventeen and Eighteen, defendant **JASON TISDALE**:

(i)      Was more than 18 years of age at the time of the offenses (18 U.S.C. § 3591(a));

(ii)     Intentionally killed Tisha Jones (Count 17) and Keith James (Count 18) (18 U.S.C. § 3591(a)(2)(A));

(iii)    Intentionally inflicted serious bodily injury that resulted in the death of Tisha Jones (Count 17) and Keith James (Count 18)  (18 U.S.C. § 3591(a)(2)(B));

31

(iv)   Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connections with a person, other than a participant in the offense, and Tisha Jones (Count 17) and Keith James (Count 18) died as a result of the act (18 U.S.C. § 3591(a)(2)( c);

(v)    Intentionally and specifically engaged in an act of violence knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Tisha Jones (Count 17) and Keith James (Count 18) died as a result of the act  (18 U.S.C. § 3591(a)(2)(D));

(vi)   Has previously been convicted of two or more Federal or State offenses, punishable by a term of imprisonment of more than one year, committed on different occasions, involving the infliction of, and attempted infliction of, serious bodily injury or death upon another person (18 U.S.C. § 3592(c)(4));

(vii)  Killed and attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16));

(viii) In the commission of the offense, and in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (18 U.S.C. § 3592(c)(5)); and

(ix)   Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

c.    As to Count Nineteen, defendant **JASON TISDALE**:

(i)    Was more than 18 years of age at the time of the offenses (18 U.S.C. § 3591(a));

(ii)   Intentionally killed Umanah Smith (18 U.S.C. § 3591(a)(2)(A));

(iii)  Intentionally inflicted serious bodily injury that resulted in the death of Umanah Smith  (18 U.S.C. § 3591(a)(2)(B));

(iv)   Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connections with a person, other than a participant in the offense, and Umanah Smith died as a result of the act (18 U.S.C. § 3591(a)(2)( c);

(v)   Intentionally and specifically engaged in an act of violence knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Umanah Smith died as a result of the act  (18 U.S.C. § 3591(a)(2)(D));

(vi)   Has previously been convicted of two or more Federal or State offenses, punishable by a term of imprisonment of more than one year, committed on different occasions, involving the infliction of, and attempted infliction of, serious bodily injury or death upon another person (18 U.S.C. § 3592(c)(4));

(vii)   Killed and attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)); and

(viii)   In the commission of the offense, and in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (18 U.S.C. § 3592(c)(5)).

## **Count 20**

82.  On or about October 19, 2006, in the District of Kansas,

**JASON L. TISDALE,**

the defendant herein, did unlawfully, knowingly and intentionally possess with intent to

distribute more than five grams of a mixture and substance containing a detectable amount of

cocaine base (crack cocaine), a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

33

## Count 21

83. Beginning as early as June 29, 2006, and continuing through October 19, 2006, in the District of Kansas,

**LONNIE WADE,**

the defendant herein, did unlawfully, knowingly and intentionally use and maintain a place at 505 N. Rock Road, Apt. 1111, in Wichita, Kansas, for the purpose of distributing, manufacturing and using controlled substances.

In violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

## Count 22

84. Beginning at least as early as October 1, 2006, and continuing through October 19, 2006, in the District of Kansas,

**LONNIE WADE,**

the defendant herein, did unlawfully, knowingly and intentionally use and maintain a place at 1815 E. 23rd Street in Wichita, Kansas, for the purpose of distributing, manufacturing and using controlled substances.

In violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

## Count 23

85. From on or about January 1, 2006, and continuing through October 20, 2006, in the District of Kansas,

**LONNIE WADE,**

34

the defendant herein, did unlawfully, knowingly combine, conspire, confederate and agree together with others, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 846.

### Count 24

86.  On or about July 18, 2005, in the District of Kansas,

### EDWARD WALKER,

the defendant herein, having been previously convicted for a crime punishable for a term exceeding one year, did unlawfully and willfully possess ammunition, in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

### Count 25

87.  On or about July 18, 2005, in the District of Kansas,

### EDWARD WALKER,

the defendant herein, having been previously convicted for a crime punishable for a term exceeding one year, did unlawfully and willfully possess a firearm, that is, a 9 mm pistol, in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## Count 26

88.  Beginning on or about February 26, 2008, and continuing through February 27, 2008, in the District of Kansas,

**JUNIAN JOHNSON, and
CALVIN WILLIAMS,**

the defendants herein, did knowingly and willfully threaten to cause bodily injury to another, with the intent to retaliate against this person for the attendance of the person at an official proceeding, and any testimony given by this person in an official proceeding.

In violation of Title 18, United States Code, Sections 1513(b)(1) and 2.

**Or, in the Alternative,**

## Count 27

89.  Beginning on or about February 26, 2008, and continuing through February 27, 2008, in the District of Kansas,

**JUNIAN JOHNSON, and
CALVIN WILLIAMS,**

the defendants herein, did knowingly and willfully threaten to cause bodily injury to another, with the intent to retaliate against this person for any information relating to the commission and possible commission of a Federal offense to a law enforcement officer.

In violation of Title 18, United States Code, Sections 1513(b)(2) and 2.

## Count 28

90.    Paragraphs 1 through 9 of the Introduction of this Fifth Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

91.  Beginning on a date unknown to the Grand Jury, and continuing through the 27th day of June, 2007, in the District of Kansas, and elsewhere,

**MARTEAUS CARTER, a/k/a Martez Carter, Clue, Clueless,**
**COREY CORNELIUS, a/k/a CC,**
**CHICO DAVIS, a/k/a Nose,**
**DARRYN FRIERSON, a/k/a DeDa,**
**CORTEZ GRAYSON, a/k/a Corpse,**
**SYCARR GREENLEY, a/k/a Pimp,**
**MARIO HUTTON, a/k/a Cootis,**
**JUNIAN JOHNSON, a/k/a June,**
**TROY LANGSTON, a/k/a No Sight, Sight,**
**JONEARL SMITH, a/k/a Smearl,**
**JASON TISDALE, a/k/a Change,**
**LONNIE WADE, a/k/a LaLo,**
**EDWARD WALKER, a/k/a Chocolate, Choc,** and
**CALVIN WILLIAMS**, **a/k/a Nut Case,**

the defendants herein, did knowingly, willfully and unlawfully combine, conspire, confederate and agree with each other, and with other persons whose identities are both known and unknown to the Grand Jury, to distribute fifty (50) grams and more of a mixture and substance containing a detectable amount of cocaine base, a controlled substance.

In violation of Title 21, United States Code, Sections 846 and 841(a)(1).

## **Count 29**

92.  Paragraphs 1 through 9 of the Introduction of this Fifth Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

93.  Beginning on a date unknown to the Grand Jury, and continuing through the 27th day of June, 2007, in the District of Kansas, and elsewhere,

**MARTEAUS CARTER, a/k/a Martez Carter, Clue, Clueless,**
**COREY CORNELIUS, a/k/a CC,**
**CHICO DAVIS, a/k/a Nose,**
**DARRYN FRIERSON, a/k/a DeDa,**
**CORTEZ GRAYSON, a/k/a Corpse,**

**SYCARR GREENLEY, a/k/a Pimp,**
**MARIO HUTTON, a/k/a Cootis,**
**JUNIAN JOHNSON, a/k/a June,**
**TROY LANGSTON, a/k/a No Sight, Sight,**
**JONEARL SMITH, a/k/a Smearl,**
**JASON TISDALE, a/k/a Change,**
**LONNIE WADE, a/k/a LaLo,**
**EDWARD WALKER, a/k/a Chocolate, Choc,** and
**CALVIN WILLIAMS**, **a/k/a Nut Case,**

the defendants herein, did knowingly, willfully and unlawfully combine, conspire, confederate and agree with each other, and with other persons whose identities are both known and unknown to the Grand Jury, to distribute a mixture and substance containing a detectable amount of marijuana, a controlled substance.

In violation of Title 21, United States Code, Sections 846 and 841(a)(1).

## Count 30

94. Beginning on or about August 1, 2008, and continuing through August 11, 2008, in the District of Kansas,

## CHICO DAVIS,

the defendant herein, did knowingly and willfully threaten to cause bodily injury to another, with the intent to retaliate against this person for any information relating to the commission and possible commission of a Federal offense to a law enforcement officer, given by the person to a law enforcement officer.

In violation of Title 18, United States Code, Sections 1513(b)(2) and 2.

## Forfeiture Allegations

A.    <u>Darryn Frierson</u>

As a result of committing the foregoing offenses alleged in counts 7, 8, 9, 10, 11, 12, 28 and 29 of this Fifth Superseding Indictment, the defendant,

**DARRYN FRIERSON,**

shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property, real and personal, constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to the following:

(a)    Conveyances

1.    One 1993 Lexus, four door, vehicle identification number: JT8JS47E9P0054137.

(b)    Currency

1.    Approximately $1,018.00 in United States currency, more or less, seized on or about March 30, 2007, in Wichita, Kansas;

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

All in violation of Title 21, United States Code, Section 853.

B.     <u>Cortez Grayson</u>

As a result of committing the foregoing offenses alleged in counts 7, 8, 9, 10, 11, 12, 28 and 29 of this Fifth Superseding Indictment, the defendant,

**CORTEZ GRAYSON,**

shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property, real and personal, constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to the following:

(a)     Currency

1.     Approximately $554.00 in United States currency, more or less, seized on or about March 30, 2007, in Wichita, Kansas;

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

All in violation of Title 21, United States Code, Section 853.

C.    <u>Mario Hutton</u>

As a result of committing the foregoing offenses alleged in counts 15, 16, 28 and 29 of this Fifth Superseding Indictment, the defendant,

<strong>MARIO HUTTON,</strong>

shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property, real and personal, constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to the following:

(a)    Conveyances

1.    One 2002 Ford Taurus, four door, vehicle identification number: 1FAFP53U52A102219.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;
it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

     All in violation of Title 21, United States Code, Section 853.

D.    <u>Lonnie Wade</u>

     As a result of committing the foregoing offenses alleged in counts 21, 22, 23, 28 and 29 of this  Fifth Superseding Indictment, the defendant,

<strong>LONNIE WADE,</strong>

shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property, real and personal, constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to the following:

     (a)    Conveyances

          1.    One Cadillac Deville, vehicle identification number: 1G6KD54Y92U270983;

     (b)    Currency

          1.    Approximately $3,217.00 in United States currency, more or less, seized on or about May 1, 2007, in Wichita, Kansas;

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

     (a) cannot be located upon the exercise of due diligence;

     (b) has been transferred or sold to, or deposited with, a third party;

42

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL

Dated:  9/16/08                          s/Grand Jury Foreperson
                                         FOREPERSON

s/Eric F. Melgren
ERIC F. MELGREN
United States Attorney
District of Kansas
1200 Epic Center
301 N. Main
Wichita, Kansas  67202
Ks. S.Ct. No. 12430

(It is requested that trial be held in Wichita, Kansas.)