IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.            Case No. 07-10142-01-JTM

JERMAL CAMPBELL, et al.
 a/k/a "L,"

    Defendant.

**ORDER**

  Presently before the court is defendant Jermal Campbell's motion to suppress and request for a *Franks* hearing (Dkt. No. 748). The court conducted a hearing on January 30, 2009, where it took the matter under advisement. For the reasons detailed below, the court denies the motion.

  Campbell's motion concerns the search warrant application and subsequent search of his home and car on May 1, 2007. The search warrant was prepared by Officer Ron Goodwyn, and issued under seal by Judge Bostwick. Campbell claims that probable cause to search his home was based solely on the unsworn information provided by the unnamed cooperating witness, CW #3, whom Campbell claims is not reliable.

  Campbell argues that the search warrant was procured without probable cause and by an affidavit that contained intentional or reckless false statements and material omissions.

1

Campbell seeks a *Franks* hearing, and also requests the suppression of a blue shirt and belt seized at the residence because those items were not properly described on the executed return for the search warrant. Generally, Campbell claims that the information provided in the Goodwyn Affidavit was stale, unreliable, and misleading.

### *I. Franks Hearing*

*1. Legal Standard*

The Fourth Amendment forbids the omission of a material issue from a warrant affidavit, or "knowingly and intentionally, or with reckless disregard for the truth" including false statements in the warrant affidavit. *Franks v. Delaware*, 438 U.S. 154, 155 (1978). When a defendant questions the veracity of the affidavit supporting a search warrant, he may request an evidentiary hearing, often called a *Franks* hearing. Before being entitled to such a hearing, the defendant must allege deliberate falsehood or reckless disregard for the truth, accompanied with an offer of proof. The defendant must then show that the remaining content of the warrant affidavit is insufficient to support a finding of probable cause. However, there is a "presumption of validity" with respect to warrant affidavits, which can only be overcome if a defendant alleges and proves "deliberate falsehoods" or "reckless disregard for the truth." *Franks*, 438 U.S. at 171.

To establish a *Franks* violation and suppress the evidence, the defendant must prove by a preponderance of the evidence that officers omitted material information intentionally or with reckless disregard for the truth, or that the affidavit contains intentional or recklessly false statements. *United States v. Tisdale*, 248 F.3d 964, 973 (10th Cir. 2001). If the defendant can meet that burden, the court next examines the affidavit as if the omitted information had been

included to determine whether the affidavit would still establish probable cause. *Id.* Probable cause exists when the supporting affidavit sets forth certain facts that would lead a prudent person to believe there is a fair probability that particular evidence of a crime or contraband will be found in a particular place. *United States v. Basham*, 268 F.3d 1199, 1203 (10th Cir. 2001). If the court concludes that the omitted information would not have altered the judge's decision to authorize the search, the fruits of the challenged search need not be suppressed. *United States v. Avery*, 295 F.3d 1158, 1166-67 (10th Cir. 2002). If, however, the omitted information would have altered the judge's decision, then the fruits of the challenged search must be suppressed. *Id.*

### 2. Campbell's Argument

Campbell claims that the following information casts serious doubt onto the veracity of CW #3's claims that Campbell murdered Barney:

1. When the police debriefed CW# 3, they already had debriefed CW# 1. The police knew from CW# 1 that CW# 3 had brought the Barney murder weapon to CW# 1 the morning after Barney was killed. The weapon, according to CW# 1, belonged to an identified NHC gang member and not the defendant Campbell. This information should have been provided to the magistrate.

2. When CW#3 was debriefed by WPD detectives on three separate occasions, CW# 3 denied all knowledge of the Barney murder. CW# 3 did not mention defendant Campbell even once in those sessions or in a separate debriefing by FBI agents. CW#3 did not suggest to anyone that defendant Campbell was involved in the Crips or any gang in any way. CW#3 did not name defendant Campbell in

connection with the Barney murder until after CW# 3 was released from jail, arrested again and debriefed a fourth time by WPD detectives. At that time, the detectives suggested to CW#3 that CW#3 should reveal the identity of the Barney killer to avoid being prosecuted. It was then that CW#3 made a statement blaming the Barney murder on the defendant Campbell.

Campbell claims that this information was not known by defense counsel or the magistrate who issued the search warrant, but was known to the police before Goodwyn presented his affidavit on April 27, 2007.

### *3. Analysis*

After carefully considering the evidence presented at the hearing, as well as the briefing, the court finds that nothing seriously undermines good faith on the part of law enforcement. Further, there was nothing that would indicate deliberately misleading information, or information provided to the magistrate with reckless indifference to the truth. Generally, a search warrant application that is particularized to a particular defendant is the better practice, but where, as here, the claim is a conspiracy among all the people mentioned in the extensive affidavit, the information presented to the magistrate makes sense for the purpose of establishing context. As such, the court finds no violation, and the motion to suppress is denied.

### II.  Collateral Estoppel

Campbell also requests the suppression of a blue shirt and belt seized at the residence because those items were not properly described on the executed return for the search warrant. Campbell further claims that the information provided in the Goodwyn Affidavit was stale, unreliable, and misleading.  The government responds that the court should deny the motion

4

based on collateral estoppel, because Campbell's virtually identical motion was denied in *United States v. Jermall Campbell*, Case No. 07-10104-MLB.  The government alternatively argues that the motion should be denied because: (1) probable cause existed (2) Campbell cannot meet the standards to overturn the affidavit supporting the search warrant; and (3) the good faith exception would save the validity of the warrant.  After a careful review of his initial motion, Judge Belot's order denying it, and the motion before the court, the court agrees with the government.

> Under federal law, collateral estoppel requires:
>
> "(1) the issue previously decided is identical with the one presented with the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is involved was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action."

*Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000).

With the exception of request for a *Franks* hearing discussed above, Campbell simply reasserts the arguments previously presented and ruled upon by Judge Belot.  Campbell received a judgment on the merits of his initial motion, and a careful review of the opinion gives every indication that Campbell had a full and fair opportunity to litigate the issues presented in the initial motion.  As such, each of the prerequisites for collateral estoppel have been met, and his motion should be denied.

Although several federal courts have held that the doctrine of collateral estoppel can be used to prevent a criminal defendant from re-litigating the lawfulness of searches and seizures, *United States v. Rosenberger*, 872 F.2d 240, 242 (8th Cir. 1989); *United States v. Thoresen*, 428 F.2d 654, 667 (9th Cir.1970)**;** *United States v. Levasseur*, 699 F.Supp. 965, 980-82

(D.Mass.1988), the Tenth Circuit has not directly dealt with this issue. Further, other courts outside the circuit have disagreed as to whether collateral estoppel applies in the criminal context. *See, e.g., United states v. Price*, 13 F.3d 711, 720 (3d Cir. 1994). As such, out of an abundance of caution, this court incorporates by reference Judge Belot's analysis, and denies the motion to suppress for reasons articulated in that order.

IT IS ACCORDINGLY ORDERED this 13th day of February, 2009, that Jermal Campbell's motion to suppress and request for a Franks hearing (Dkt. No. 748) is denied.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE