# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, vs. JERMAL CAMPBELL, *et al. Defendants.* | Case No. 07-10142-01, 02, 03, 04, 06, 07, 08, 09, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20-JTM |

## MEMORANDUM AND ORDER

This order serves to address several pending motions before the court. Jermal Campbell's motions for discovery of government expert testimony and opinions (Dkt. No. 745) and for discovery summaries of expert opinions, bases and reasons and production of source documents (Dkt. No. 873) are both denied as moot.

Jonearl Smith's motion to exclude co-conspirator statements (Dkt. No. 670) is denied due to the government's proffer that it does not intend to introduce, for the truth of the matter asserted, testimonial statements made by co-conspirators unless such declarant testifies.

Calvin Williams' second motion for bill of particulars (Dkt. No. 724) is denied for the reasons articulated in prior orders regarding similar motions.

On February 3, 2009, this court held a *James* hearing to determine the admissibility of alleged co-conspirator statements under Fed. R. Evid. 801(d)(2)(E). The court took the matter

under advisement, and ordered further briefing from the parties. After careful review of the testimony and the briefing, the court denies defendants' motions insofar as each seeks an order *in limine* prohibiting the Government from using such statements at trial.

### 1. Legal Standards

Co-conspirator statements may be admitted if the court finds that: (1) a conspiracy existed; (2) both the declarant and the defendant against whom the declaration is offered were members of the conspiracy; and (3) the statements were made in the course of and in furtherance of the conspiracy. *United States v. Ramirez*, 479 F.3d 1229, 1248, n. 11 (10th Cir. 2007). The party offering the evidence must establish these facts by a preponderance of the evidence. *Bourjaily v. United States*, 483 U.S. 171, 176 (1987). Such evidence may include the statements themselves, but the statements alone are insufficient to establish the existence of a conspiracy and that the declarant and the defendants were members of it. *Id.*

In determining whether the government has satisfied its burden, the court has discretion to consider any non-privileged evidence, including both the challenged co-conspirator statements and any hearsay evidence, regardless of whether that evidence would be admissible at trial. *See United States v. Owens*, 70 F.3d 1118 (10th Cir. 1995).

### 2. Findings

The government presented testimony at the *James* hearing from Wichita Police Detective Brad Elmore, who has been actively involved in the investigation of this case, as well as gang officer Eric Simon. Collectively, these officers testified regarding the alleged criminal activities of the Crips, and the defendants' alleged involvement in those activities.

To establish a conspiracy, the government must show: (1) two or more persons agreed to violate the law; (2) the defendant knew the essential objectives of the conspiracy; (3) the defendant knowingly and voluntarily participated in the conspiracy; and (4) the alleged coconspirators were interdependent. *United States v. Yehling*, 456 F.3d 1236, 1240 (10th Cir. 2006). After a careful review of the evidence, the court finds that the government has shown by a preponderance of the evidence that a conspiracy existed, and that the conspiracy included the defendants. The court finds that the material is admissible given the content and the witnesses' testimony, which were in turn based on reliable confidential informants, and the officers' experience in law enforcement. The evidence shows the existence and nature of the alleged conspiracy, that the declarant and defendants were parties to the conspiracy, and that the statements and letters were made in furtherance of the conspiracy. *See United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995). As such, the defendants' motions and objections seeking to prohibit the government from admitting such evidence are all denied.

IT IS ACCORDINGLY ORDERED this 20th day of February, 2009.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE